UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

PROCEEDINGS UNDER CHAPTER 13
CASE NO. 17-12235-BKC-RAM

In re:

MARK ZHUK,

    Debtor.
_____/

MARK ZHUK,

    Plaintiff,                               Adversary No. 17-_____

v.

ALISON BROOKE ZHUK,

    Defendant.
_____/

## ADVERSARY COMPLAINT TO DETERMINE STATUS AND DISCHARGEABILITY OF DEBT

The debtor Mark Zhuk ("Mark Zhuk", the "Plaintiff" or the "Debtor") alleges against Alison Brooke Zhuk ("Allison Zhuk" or the "Defendant") as follows:

### PRELIMINARY STATEMENT

1. This is an adversary proceeding by which the Debtor seeks a declaration that the certain obligation to the Defendant is not a "domestic support obligation" entitled to priority status and is not excepted from a section 1328(a) chapter 13 discharge.

### PARTIES

2. Plaintiff is the debtor in the above-captioned bankruptcy case by virtue of having

1

filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on February 24, 2017, which case was converted to a case under chapter 13 on March 21, 2017.

3. Defendant Allison Zhuk is the ex-wife of the Plaintiff.

## JURISDICTION AND VENUE

4. This is a civil proceeding arising in a case under the Bankruptcy Code, 11 U.S.C. § 101, *et seq.,* within the meaning of 28 U.S.C. § 1334. It is properly brought as an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. The Court has jurisdiction to hear this matter under 28 U.S.C. §§ 157 and 1334.

6. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), and (I).

7. Venue is proper in this Court under 28 U.S.C. § 1409.

## BACKGROUND

8. The Debtor and the Defendant were married on or about February 1, 2003 in the State of Florida.

9. Two children were born of such marriage.

10. Defendant filed a petition for dissolution of marriage on May 11, 2012 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court") in the case of *Alison Brooke Zhuk, Petitioner and Mark Zhuk, Respondent* bearing case number 12-012605 (FC) 04.

11. The Debtor and Defendant entered into the Marital Settlement Agreement (the "MSA") on or about April 19, 2013.

12. The MSA, *inter alia,* includes the following major sections: "II. Equitable

Distribution", "III. Alimony", and "IV. Child Support".

13. Paragraph 10 of section II. Equitable Distribution, provided for the Debtor to pay the Debtor the total sum of $520,000.00 (the "$520,000.00 Obligation") in installments over an approximate four year period as follows:

    a. $50,000.00 on or before June 15, 2013

    b. $35,000.00 on or before September 15, 2013

    c. $35,000.00 on or before December 15, 2013

    d. $100,000.00 on or before June 30, 2014

    e. $100,000.00 on or before March 15, 2015

    f. $100,000.00 on or before March 15, 2016 (or whenever the mortgage is refinance or the house sold, whichever occurs later)

    g. $100,000.00 on or before March 15, 2017

(collectively, the "Installment Payments").

14. Paragraph 10 of the MSA provides that the Installment Payments are to be nontaxable to the Defendant and non-deductible to the Debtor.

15. Paragraph 10, I of the MSA provides that the Installment Payments are "non modifiable and non extendable under any circumstances absent written consent of the parties."

16. Paragraph 10, J of the MSA provides the Debtor a twenty day grace period for the Installment Payments, but if the Debtor is unable to make full payment within each twenty day grace period, the balance due is to be subject to interest at the then legal rate provided by Florida Statute.

17. The Debtor paid all the installment payments due in 2013, 2014, and 2015 totaling

3

$320,000.00, leaving the 2016 and 2017 installment payments totaling $200,000.00 (the "$200,000.00 Claim") unpaid.

## COUNT I

### Declaration That the $200,000.00 Claim is Not a
### Domestic Support Obligation Entitled to Priority

18. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs.

19. Section 1322(a)(2) requires that a chapter 13 plan provide for full payment, in deferred cash payments, of all claim entitled to priority under section 507 of the Bankruptcy Code unless the holder of the claim agrees to a different treatment.

20. Section 507(a)(1)(A) of the Bankruptcy Code provides that a "domestic support obligation" is a priority claim.

21. Section 101(14A) of the Bankruptcy Code defines a "domestic support obligation"

22. The facts and circumstances herein do not support a priority status for the $200,000.00 Claim.

## COUNT II

### Declaration That the $200,000.00 Claim is
### Not Excepted from a Section 1328(a) Chapter 13 Discharge

23. Plaintiff repeat and re-allege each and every allegation contained in the preceding paragraphs.

24. Section 1328(a) of the Bankruptcy Code provides that any debt of the kind specified in section 523(a)(5), which are for a domestic support obligation, are excepted from discharge.

25. Section 101(14A) sets forth the definition of a domestic support obligation.

26. The facts and circumstances herein show that the $200,000.00 Claim is not a "domestic support obligation" within the meaning of section and that it is not excepted from discharge under section 1328(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the entry of a judgment declaring (i) that the $200,000.00 Claim is not a "domestic support obligation" pursuant to section 101(14A), (ii), that the $200,000.00 Claim is not a priority claim pursuant to section 507(a)(1), (iii) that the $200,000.00 Claim is not excepted from a section 1328(a) chapter 13 discharge, and (iv) granting such other and further relief as may be just.

Dated: July 10, 2017

                                       JORDAN E. BUBLICK, P.A.

                                       /s/ Jordan E. Bublick_____
                                       Jordan E. Bublick (Fla. Bar No. 381624)
                                       1801 N.E. 123rd St., Suite 314
                                       P.O. Box 545941
                                       Miami, FL 33154-5941
                                       Telephone: (305) 891-4055
                                       Facsimile: (305) 503-7231
                                       Email: jbublick@bublicklaw.com

                                       *Attorney for the Debtor*